■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES H. MANNS, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered February 7, 1977, convicting defendant, upon his plea of guilty, of the crime of burglary in the third degree. On January 21, 1977, defendant pleaded guilty of burglary in the third degree in full satisfaction of an indictment charging him with burglary in the third degree and grand larceny in the third degree. At the time of sentencing, defendant moved to withdraw his guilty plea and plead not guilty. The motion was denied. On appeal defendant contends that the court erred in denying the motion and that defendant was deprived of effective assistance of counsel. The record reveals that at the time of the plea defendant was carefully questioned regarding the voluntariness of the plea, defendant's understanding of the consequences of his plea and the factual basis for defendant's guilt of the crime to which he was pleading. Defendant concedes that the procedures followed by the court in accepting his plea were adequate, but contends that the court was required to make further extensive inquiry when defendant later sought to change his plea. We disagree. As explained in *People v Tinsley* (35 NY2d 926), the nature and extent of the fact-finding procedures to be employed upon a motion to withdraw a plea rest largely in the discretion of the Judge to whom the motion is made. "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded a reasonable opportunity to present his contentions and the court should be enabled to make an informed determination" *(People v Tinsley, supra,* p 927). Here, on the date scheduled for sentencing, defendant's counsel informed the court of defendant's motion and the court asked the defendant why he wanted to change his plea. In response, defendant stated "I feel I have a chance to beat it." A defendant is not, however, entitled to withdraw his guilty plea merely because he discovers that he misapprehended the quality of the State's case *(Brady v United States,* 397 US 742, 757; *People v Jones,* 44 NY2d 76, 81). Upon further questioning, defendant denied his guilt and indicated that he had not told the truth when he admitted his guilt at the time of his plea. We have recently held that such bare allegations do not lend support for a withdrawal of a plea *(People v Cooke,* 61 AD2d 1060). Defendant was given an ample opportunity to present his contentions, but he made no factual allegations which raised a doubt as to his guilt or suggested that he was unaware of his rights or did not have an opportunity to make a voluntary and rational decision with proper advice (see *People v Nixon,* 21 NY2d 338, 354-355). We also reject defendant's contention that he was denied effective assistance of counsel. The record establishes that counsel adequately advised defendant of his

rights and the advantages, disadvantages and consequences of pleading guilty and that counsel's conduct at the time of the motion to withdraw the plea did not deprive defendant of effective assistance. Judgment affirmed. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.