■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH S. MURDIE, Appellant.—Appeal from an amended judgment of the County Court of Saratoga County, rendered April 3, 1979, which revoked defendant's intermittent sentence and sentenced him to an indeterminate term of imprisonment with a maximum of four years. On March 2, 1978, defendant, as the result of a plea bargain, withdrew his plea of not guilty and entered a plea of guilty to the crime of criminal possession of a forged instrument in the second degree, in full satisfaction of an indictment charging him with two counts of criminal possession of a forged instrument in the second degree. Prior to the acceptance of defendant's plea of guilty, the court advised defendant that he had told his attorney "that if I receive this plea from you, it would be my intention to sentence you to a year of weekends in the Saratoga County Jail." The court also advised defendant as follows: "I also want you to know that if I take this plea from you and I sentence you to a year of weekends, which is what I intend to do, if you violate any of the conditions of the weekend sentencing, if you violate any of the conditions, I will convert that time to straight time." Defendant thereafter entered a plea

of guilty and the court sentenced him to "a definite intermittent sentence of imprisonment for a term of one year of weekends" and committed him to the Saratoga County Jail. On April 3, 1979, having been arrested pursuant to a warrant for failure to appear at the Saratoga County Jail as required by the intermittent sentence imposed on March 2, 1978, defendant was brought before the Saratoga County Court. He was asked by the court if he remembered being told by the court that if he did not abide by the terms of the sentence that the sentence would be revoked. Defendant replied, "Yes, and sentence me to a year in the County Jail." The court then said, "I indicated that, that is right. It is not my intention to do that right now and I want you to know that." Thereafter, the court revoked and vacated the intermittent sentence of imprisonment on the ground that defendant had failed to abide by the conditions of said sentence, ordered that defendant be sentenced to an indeterminate sentence of imprisonment, which shall have a maximum term of four years, and ordered defendant committed to the custody of the New York State Department of Correctional Services. Defendant contends that he was entitled to the specific performance of the promised resentence of one year upon the violation of the original intermittent sentence and that the resentence to an indeterminate term of four years was invalid as a matter of law. A guilty plea induced by an unfulfilled promise either must be vacated or the promise honored *(People v Selikoff,* 35 NY2d 227, 241, cert den 419 US 257). The situation is different where the court has not been a party to the plea bargain agreement, but even in those cases, when a guilty plea has been induced by promises, the essence of the promises must be kept, and the interests of justice require that defendant be allowed to withdraw his plea when the sentence to be imposed is not in conformity with the promise or promises made to induce the guilty plea *(People v De Crescente,* 64 AD2d 746). Here the court was a party to the plea bargain agreement and originally imposed the promised sentence, and clearly promised that upon defendant's failure to comply with the terms of the sentence, the sentence would be revoked and converted to straight time. Any question of what was meant by straight time was resolved at the revocation and resentence hearing. The sentence imposed on March 2, 1978, is without question the foundation for defendant's plea of guilty. At the time of resentencing, defendant was not offered an opportunity to withdraw his plea of guilty and not having appealed from the judgment of conviction, he may now only appeal from the resentence order *(People v Blim,* 54 AD2d 771). "All necessary and reasonable precautions must be employed to eliminate misunderstanding, mistake and deceit, all of which are the allies of injustice, if the plea bargaining process is to succeed and remain a vital cog in our system of criminal justice." *(People v Ransom,* 55 AD2d 980, 981.) The matter should be remitted for resentence in accordance with the promise made, with full credit being afforded to defendant for time already served *(People v Craig,* 41 AD2d 932). Judgment reversed, on the law and the facts, and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.