■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY S. BROWN, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered April 2, 1982, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, an inmate at Elmira Correctional Facility was observed to be in possession of a weapon, a homemade sharpened steel shank in excess of six inches in length. Thereafter, he was indicted for promoting prison contraband in the first degree, a

class D felony. When the case was marked ready for trial, defense counsel announced to the court that, as a result of plea bargaining, defendant desired to enter a plea of guilty to the reduced charge of an attempt to commit the same crime. The plea was entered and defendant was sentenced to 1½ to 3 years in prison, to be served after completion of his prior burglary sentence. The sentence was in accordance with the plea bargain.

Defendant appeals from his conviction contending that his election to change his plea was not made voluntarily and intelligently. He also contends that he had ineffective assistance of counsel. Defendant points out certain of his statements during the colloquy as indicating his protestation of innocence. He stated at the time of his plea, "I feel I'm only guilty like to a certain degree," and, at sentencing, "I feel I might have a chance at trial if I have the right lawyer." However, defendant never denied possession of the weapon, nor did he affirmatively state that he unknowingly possessed the weapon. At no time did he state any facts to support the conclusion that his legal counsel was ineffective.

Defendant was given an ample opportunity to present his contentions, but he made no factual statements which raised any doubt as to his guilt or suggested that he was unaware of his rights (see *People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067; *People v Manns,* 66 AD2d 957). The colloquy in the court proceeding in which defendant pleaded guilty required eight pages of transcript to record. He clearly understood that he was waiving a jury trial. A fair reading of the transcript strongly suggests that he parried with the court by hypothesizing in an effort to obtain a lesser sentence. There was no indication of ineffectiveness of counsel.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.