■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAREY GRADY, Appellant.

On January 5, 1984, defendant pleaded guilty to manslaughter in the first degree and attempted assault in the second degree in full satisfaction of two indictments charging him with murder in the second degree (two counts), assault in the second degree and assault in the third degree (two counts). At the time of sentencing, defendant moved to withdraw his guilty pleas and to plead not guilty. The motion was denied. On appeal, defendant contends that the court abused its discretion in denying the motion. We disagree.

In spite of the thorough plea allocutions, defendant contended at sentencing that the pleas should be withdrawn because "I lied when I said I did it", and "I didn't know [one of the victims] was in jail". It is well settled, however, that a defendant is not entitled to withdraw his guilty plea merely because he discovers that he misapprehended the quality of the State's case (*see, Brady v United States,* 397 US 742, 757; *People v Jones,* 44 NY2d 76, 81). Nor is a defendant entitled to withdraw his plea merely

on bare allegations of innocence (*see, People v Manns,* 66 AD2d 957; *People v Cooke,* 61 AD2d 1060).

The sentencing court allowed defendant a reasonable opportunity to present his contentions, and in the face of the bald conclusory allegations presented, the court properly denied the motion without a hearing (*see, People v Tinsley,* 35 NY2d 926; *People v Matta,* 103 AD2d 756). Lazer, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.