■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BETTY WINCHENBAUGH, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered December 14, 1984, convicting defendant upon her plea of guilty of the crime of criminal possession of stolen property in the second degree.

Defendant pleaded guilty to an indictment for criminal possession of stolen property in the second degree, which plea was also in satisfaction of other uncharged crimes. The indictment to which defendant pleaded guilty arose out of an incident on October 29, 1983 when defendant allegedly attempted to obtain a cash refund by returning about $336 worth of stolen clothing to the S. F. Iszard Company department store (Iszard) in the Arnot Mall in the Town of Big Flats, Chemung County. The People claim that store person-

nel informed defendant that she could not obtain a full refund because she had no sales receipts for the clothing. Defendant then hurriedly left the store with the clothing. On the same day as the incident at Iszard, there is evidence that defendant attempted to return clothing for refunds at three other stores in the Arnot Mall, including J. C. Penney (Penney) and Sears, Roebuck and Company (Sears).

A combined *Wade* and *Ventimiglia* hearing was conducted. Three witnesses who had observed defendant at Sears and Penney testified to identifying defendant from a photographic array. County Court declined to issue a ruling on defendant's motion to suppress the identification testimony on the ground that these witnesses would not give testimony identifying defendant as the person who committed the crime alleged in the indictment, since none of them observed defendant at Iszard. The court granted defendant's motion to preclude evidence relating to an incident at a fourth store but denied defendant's motion to preclude evidence relating to attempted refund transactions at Penney and Sears. This evidence was held admissible under the *Molineux* rule.

Defendant also made a *Sandoval* motion to prevent the People from cross-examining her about seven out-of-State criminal convictions. County Court ruled that the People could introduce evidence relating to six of the convictions at trial.

Thereafter, defendant pleaded guilty to the crime charged in the indictment. Defendant, however, moved to withdraw her guilty plea prior to sentencing, alleging, *inter alia*, that she was innocent and had been coerced into pleading guilty as a result of unfavorable court rulings and implied threats of additional prosecution if she went to trial and was acquitted. The motion to withdraw her guilty plea was denied. She was sentenced to an indeterminate prison term of 1 to 3 years. This appeal ensued.

The judgment of conviction should be affirmed.

Defendant's contention that County Court abused its discretion in denying her request to withdraw her guilty plea is without merit. Before entering her guilty plea, defendant stated that she understood that she was admitting that she committed the acts charged in the indictment and was waiving her right to a jury trial. She also acknowledged that she understood the terms of the plea bargain and was voluntarily entering her guilty plea.

The record indicates that County Court did not abuse its

discretion in refusing to allow defendant to withdraw her guilty plea *(see, People v Brockway,* 88 AD2d 1039). Bare allegations of innocence are not sufficient to support a withdrawal of a guilty plea which has been knowingly and voluntarily entered *(People v Manns,* 66 AD2d 957; *cf. People v McIntyre,* 40 AD2d 1038). Further, the fact that defendant may have been induced to plead guilty by certain promises made by the prosecution does not invalidate the plea so long as those promises are fulfilled *(see, People v Murdie,* 73 AD2d 1008).

Defendant's contention that County Court erred in its *Molineux* ruling is not properly before this court for review since defendant, by entering her plea of guilty, effectively waived review of the issue *(see, People v Taylor,* 65 NY2d 1; *People v Lee,* 58 NY2d 491; *see also, People v Ventimiglia,* 52 NY2d 350, 359). Defendant's contention that error was committed in County Court's ruling in regard to her *Sandoval* motion is also without merit since defendant, by her plea of guilty, also waived her right to appeal this issue *(see, People v Taylor, supra; People v Griffin,* 110 AD2d 850; *People v Gilliam,* 65 AD2d 533).

Finally, defendant's argument that County Court erred in refusing to rule on her motion to suppress the identification evidence does not require reversal and remittal of the case to County Court. Rather, the record is sufficient for this court to decide the issue and we do so. Defendant in no way challenges the reliability of the identity testimony or the propriety of the identification procedure employed. The identification procedure used was not impermissibly suggestive and the proffered in-court identification had an independent source. County Court thus did not err in refusing to grant defendant's motion to suppress the identification testimony and, therefore, there is no need for a remittal.

Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.