■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRETT PAUL D'ANGELO, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court at Trial Term (Crew, III, J.), rendered July 5, 1985 in Chemung County, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Evidence adduced at a Huntley hearing disclosed that defendant, accused by his grandmother of sexually assaulting her, had voluntarily accompanied the police to the station house to discuss the situation. There, Miranda warnings were given and defendant acknowledged that he understood his rights, and waived them. Thereafter, questioning commenced and defendant began to recount his activities on the night of the alleged assault. However, before furnishing any information concerning the attack itself, defendant announced that he did not wish to answer any questions and asked to see a psychiatrist. A discussion ensued between the officer conducting the interrogation and defendant regarding the latter's need for long-term counseling, following which the officer resumed questioning defendant about the claimed assault. At this juncture, defendant confessed to being the assailant. The officer then reduced the confession to writing; immediately thereafter defendant read the written statement aloud, including the Miranda warnings contained at the top of the page, swore to the correctness of its contents, signed it and was

arrested. Approximately 50 minutes elapsed from defendant's initial encounter with the police to his arrest.

The trial court concluded that the statements made by defendant after he manifested that he was no longer disposed to answer the officer's inquiries would not be admissible in evidence at trial on the People's direct case, but authorized their use on cross-examination for the purpose of impeaching defendant's credibility. After the court rendered its decision, defendant pleaded guilty as noted and this appeal followed. At issue is the propriety of the court's ruling, it being defendant's contention that all of his statements should have been suppressed because, although the interrogating officer had personal knowledge of defendant's background and use of drugs, he made no attempt to determine if defendant was fully aware of his *Miranda* rights prior to the time the interrogation commenced.

We affirm. The burden of demonstrating that his alleged incapacity adversely affected his ability to knowingly and willingly waive his *Miranda* rights was on defendant *(see, People v Love,* 57 NY2d 998), and that burden simply has not been carried. Further, the trial court's ruling respecting those statements elicited from defendant after he had invoked his 5th Amendment rights was eminently proper *(see, People v Maerling,* 64 NY2d 134, 139-140; *People v Gary,* 31 NY2d 68, 70). And insofar as the People rely on *People v Winchenbaugh* (120 AD2d 811) for the proposition that by pleading guilty defendant waived appellate review of his suppression motion, that reliance is misplaced for, to the extent relevant here, the review undertaken in *Winchenbaugh* was limited to the trial court's *Molineux* and *Sandoval* rulings.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.