■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER DECKER, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Crew, III, J.), rendered August 28, 1986 in Chemung County, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree and burglary in the second degree.

Defendant was charged in one indictment with two counts of robbery in the first degree, involving different armed robberies, and in a second indictment with second degree burglary and petit larceny. Defendant moved for, *inter alia,* separate trials on each of the robbery counts and an order suppressing physical evidence, a pair of sneakers belonging to defendant. Supreme Court denied both requests noting with respect to the suppression motion that even if defendant's account of the events leading to police acquisition of his sneakers was believed, there would still be no grounds for suppression of the sneakers. Thereafter, defendant pleaded guilty to one count each of second degree robbery and second degree burglary in full satisfaction of both indictments. Defendant was sentenced to indeterminate prison terms of 4 to 12 years on the robbery count and 2 to 6 years on the burglary count, to run concurrently. This appeal ensued.

Appellate review of Supreme Court's refusal to allow separate trials was waived when defendant entered his guilty plea *(see,* Newman, New York Appellate Practice § 13.11 [2], at 13-47; *People v Winchenbaugh,* 120 AD2d 811, 813). Beyond that, Supreme Court quite rightly concluded that defendant failed to establish good cause existed for granting separate trials *(see,* CPL 200.20 [3].).

Nor was there any basis for suppressing the use in evidence of defendant's sneakers. They were obtained from the apartment of Marie White, where defendant was merely a guest, with her permission and, according to the version of the facts accepted by Supreme Court, by her voluntary acts. The warrantless seizure was thus lawful *(see, People v Cosme,* 48 NY2d 286, 290).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.