■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD MOORE, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Harrington, J.), both rendered July 16, 1987, convicting him of criminal sale of a controlled substance in the fifth degree under indictment No. 64503, upon his plea of guilty, and criminal sale of a controlled substance in the third degree (two counts) under indictment No. 64505, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the trial court erred by refusing to grant his application for the assignment of new counsel on indictment No. 64505. We disagree.

The constitutionally guaranteed right to be represented by counsel of one's choosing may not be employed as a tactical

device to delay judicial proceedings *(see, People v Arroyave,* 49 NY2d 264). In deciding whether good cause exists to change counsel, "a court must take into account such circumstances as whether present counsel is reasonably likely to afford a defendant effective assistance and whether the defendant has unduly delayed in seeking new assignment" *(People v Medina,* 44 NY2d 199, 208). The defendant made his application during the second day of jury selection, and after a *Sandoval* hearing had been conducted. The bases of his complaint consisted of matters of which he was aware long before the trial commenced. Given the timing of his application, the trial court did not improvidently exercise its discretion in denying the defendant's application. In addition, the defendant has failed to demonstrate a deprivation of his right to the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137; *People v Rivera,* 71 NY2d 705).

The defendant's contention that the court erred in allowing a videotape of the drug transaction into evidence because it was inaudible is without merit. The record demonstrates that the videotape was made from a specially designed van, contained no audio portion and was submitted only as visual proof.

Furthermore, there is no basis in the record to disturb the trial court's sentence, which is neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.