■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK HENRY ABBOTT, Appellant.—Judgment, Supreme Court, New York County (Irving Lang, J., at jury trial, predicate felony hearing and sentence), rendered April 15, 1982, convicting defendant of manslaughter in the first degree, and sentencing him as a persistent violent felony offender to a term of imprisonment of from 15 years to life, unanimously affirmed.

Evidence at trial, which included testimony of several eye-witnesses to an argument between defendant and the victim minutes before the stabbing, testimony of an eyewitness to the stabbing, and defendant's own admissions, was that in the early morning hours of July 18, 1981, defendant, armed with a knife, quarreled with the victim both inside and outside of a Manhattan restaurant at which the victim was employed as a waiter/manager, and then stabbed the victim once through the heart. Medical evidence was that the cause of death was one stab wound to the heart.

Defendant's claim of ineffective assistance of counsel on the ground that his trial counsel erroneously told the jury, in his opening statement, that the evidence would show that the stabbing was accomplished with the victim's own knife, is meritless. Defendant's own testimony at trial was that up until some point during presentation of the People's case, he had believed that the victim indeed possessed a knife and was the aggressor at the time in question.

In view of this testimony by defendant, and the prosecutor's advice to defense counsel and the court that he would highlight in summation the disparity between defense counsel's opening remarks and defendant's testimony, defense counsel understandably attempted, in summation, to support defendant's mid-trial turnabout by explaining away his brief opening remarks concerning the knife as an unfortunate strategic

error on his part. In any event, trial counsel duly filed appropriate pretrial, trial and posttrial motions and applications, was successful in obtaining evidentiary hearings and favorable jury charges, and in the face of overwhelming evidence of defendant's guilt, extensively cross-examined the People's witnesses and vigorously pursued a defense encompassing issues of intent which resulted in defendant's acquittal of murder in the second degree, the charge for which he was indicted. In these circumstances, it cannot be said that defendant was denied effective assistance of counsel *(see, e.g., People v Baldi,* 54 NY2d 137).

Likewise without merit is defendant's claim that by the trial court's application of the collateral estoppel doctrine regarding defendant's two prior foreign jurisdiction felony convictions, he was denied his right to challenge the constitutionality of those convictions in order to preclude their consideration in connection with sentence enhancement. Initially, it is noted that in addition to properly holding that collateral estoppel applies where, as here, the instant constitutional claims were previously decided on the merits following a full and fair hearing *(see, e.g., Williams v United States,* 481 F2d 339, *cert denied* 414 US 1010), the trial court afforded defendant full opportunity to challenge the use of those prior convictions for purposes of sentence enhancement.

We have reviewed defendant's additional claims and find them to be without merit. Concur—Milonas, J. P., Asch, Kassal, Smith and Rubin, JJ.