■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D'ORIO, Appellant. [620 NYS2d 410] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered October 19, 1993, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that he was deprived of the effective assistance of counsel and counsel of his choice when the County Court denied his application, made on the date hearings were to commence, for a two-week adjournment so that his family could retain counsel to represent him. The defendant expressed no conflict or dissatisfaction with his assigned counsel at the time of the application, and he failed to explain why he waited until the eve of trial to

request an adjournment. Since the application was not supported by any allegations of fact, since it was made on the eve of trial, and since it appears to have been a dilatory tactic, the County Court did not improvidently exercise its discretion by denying it *(see, People v Carver,* 184 AD2d 777; *People v Branch,* 155 AD2d 473; *People v Moore,* 153 AD2d 702).

Similarly unpersuasive is the defendant's contention that his plea should be vacated as involuntary. The transcript of the plea proceeding unequivocally demonstrates that the defendant knowingly and voluntarily entered his plea of guilty after being apprised of his rights and acknowledging the ramifications thereof *(see generally, People v Harris,* 61 NY2d 9). Moreover, the County Court properly denied the defendant's subsequent application to withdraw his plea. The defendant's application was supported by nothing more than vague, conclusory, and unsubstantiated claims alleging ineffective assistance of counsel and the defendant's purported affliction with an unspecified physical illness *(see generally, People v Suarez,* 201 AD2d 810; *People v Braun,* 167 AD2d 164). Finally, we note that the defendant's present challenge to the adequacy of his plea allocution is unpreserved for appellate review *(see, People v Williams,* 203 AD2d 499) and, in any event, without merit *(see, People v Willingham,* 194 AD2d 703).

Appellate review of the defendant's remaining contentions was effectively waived by him as part of his plea agreement *(see, People v Callahan,* 80 NY2d 273; *People v Moissett,* 76 NY2d 909; *People v Seaberg,* 74 NY2d 1; *see also, People v Taylor,* 65 NY2d 1; *People v Gerber,* 182 AD2d 252). Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.