◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DELUCA, Appellant. [847 NYS2d 198]—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered July 19, 2006, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal precludes appellate review of the denial of his motion to dismiss the indictment on the ground that he was deprived of his statutory right to testify before the grand jury (see People v Harris, 15 AD3d 848 [2005]; People v Beaton, 303 AD2d 593, 594 [2003]; People v Addison, 196 AD2d 875 [1993]). The waiver also precludes appellate review of the defendant's claims of ineffective assistance of counsel which did not affect the voluntariness of his plea (see People v Scott, 39 AD3d 570, 571 [2007]; People v Escobedo, 7 AD3d 539 [2004]; People v Demosthene, 2 AD3d 874 [2003]). In any event, by pleading guilty, the defendant forfeited his claim that he was denied his right to testify before the grand jury (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Beaton, 303 AD2d at 594; People v Standley, 269 AD2d 614, 615 [2000]; People v Lyde, 247 AD2d 555 [1998]), and his claims of ineffective assistance of counsel which did not directly involve the plea-bargaining process (see People v Turner, 40 AD3d 1018, 1019 [2007], lv denied 9 NY3d 882 [2007]; People v Silent, 37 AD3d 625 [2007]; People v Gutierrez, 35 AD3d 883, 884 [2006]).

To the extent that the defendant is claiming that the ineffective assistance of counsel rendered his plea involuntary, his contention is based on matter dehors the record, which cannot be reviewed on direct appeal (see People v Herdt, 45 AD3d 698 [2007]; People v Rusielewicz, 45 AD3d 704 [2007]). Although the defendant made a post-conviction motion to vacate the judgment pursuant to CPL article 440, the issues raised in that motion are not properly before us, as he was denied leave to appeal

from the denial of that motion (*see People v Rivas*, 206 AD2d 549, 550 [1994]; *People v DaCosta*, 217 AD2d 661, 662 [1995]; *People v Esposito*, 157 AD2d 850 [1990]).

Motion by the respondent to strike stated portions of the appellant's brief on an appeal from a judgment of the County Court, Rockland County, rendered July 19, 2006, on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated August 9, 2007, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the respondent's motion is granted, and those portions of the appellant's brief that refer to exhibits attached to the appellant's motion to vacate the judgment pursuant to CPL article 440, are stricken and have not been considered on appeal (*see People v Waggoner*, 76 AD2d 847 [1980]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.