■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON ALEXANDER, Appellant. [877 NYS2d 696]—Appeals by the defendant from two judgments of the Supreme Court, Nassau County (Kase, J.), both rendered April 17, 2007, convicting him of robbery in the first degree, criminal possession of stolen property in the third degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and conspiracy in the fourth degree under indictment No. 2374/06, and robbery in the first degree (five counts) and criminal mischief in the third degree under superior court information No. 663/07, upon his pleas of guilty, and imposing sentences, and imposing an additional sentence for the crime of criminal possession of a controlled substance in the seventh degree under indictment No. 2374/06.

Ordered that the judgment rendered under superior court information No. 663/07 is affirmed; and it is further,

Ordered that the judgment rendered under indictment No. 2374/06 is modified, on the law, by vacating the sentence imposed for the crime of criminal possession of a controlled substance in the seventh degree; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, his pleas of guilty were knowingly, voluntarily, and intelligently entered (*see People v Garcia*, 92 NY2d 869, 870 [1998]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Grimes*, 35 AD3d 882, 883 [2006]).

The defendant's claim of ineffective assistance of counsel rests, in part, on matter dehors the record and, therefore, is not reviewable on direct appeal (*see People v DeLuca*, 45 AD3d 777 [2007]; *People v Sanchez*, 33 AD3d 633, 634 [2006]). To the extent the claim is reviewable on direct appeal, the record reveals that defense counsel provided the defendant with meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]).

However, as the People correctly concede, the sentencing court erred in imposing an additional sentence for the crime of criminal possession of a controlled substance in the seventh degree under indictment No. 2374/06, since the defendant did not plead guilty to that offense (*see People v Rosario*, 22 AD3d 871, 872 [2005]; *People v Brown*, 244 AD2d 348, 349 [1997]). Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.