■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK J. WIEDMER, Appellant. [896 NYS2d 686]—Appeal by the defendant from a judgment of the County Court, Nassau County (Jaeger, J.), rendered March 12, 2008, convicting him of reckless endangerment in the first degree and assault in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

A motion to withdraw a plea of guilty rests within the sound discretion of the County Court (*see People v McGhee*, 62 AD3d 1027 [2009]; *People v Hughes*, 62 AD3d 1026 [2009]; *People v Pooler*, 58 AD3d 757 [2009]), whose determination generally will not be disturbed absent an improvident exercise of discretion (*see People v DeLeon*, 40 AD3d 1008, 1009 [2007]). Here, the County Court providently exercised its discretion in denying the defendant's pro se application to withdraw his plea of guilty. The defendant entered his plea of guilty knowingly, voluntarily, and intelligently, having reached a favorable plea bargain with the assistance of competent counsel with whose representation the defendant was satisfied (*see People v McGhee*, 62 AD3d at 1027; *People v Mann*, 32 AD3d 865, 866 [2006]). The defendant's unsubstantiated claim that his plea was coerced was refuted by his statements during the plea allocution (*see People v Hughes*, 62 AD3d at 1026; *People v Turner*, 23 AD3d 503, 503-504 [2005]), as was his claim that his plea was induced by a promise which could not be fulfilled (*see People v Bullard*, 33 AD3d 715 [2006]; *cf. People v Feliciano*, 21 AD3d 1036, 1037 [2005]).

The defendant's contention that he was deprived of the effective assistance of counsel rests mainly on matter dehors the record and, thus, cannot be reviewed on direct appeal (*see People v Drago*, 50 AD3d 920 [2008]; *People v DeLuca*, 45 AD3d 777 [2007]; *People v Sanchez*, 33 AD3d 633, 634 [2006]). To the extent this contention is reviewable on the record before us, we find that counsel provided the defendant with meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]). Dillon, J.P., Florio, Miller and Austin, JJ., concur.