■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARWIN GRIFFITH, Appellant. [913 NYS2d 264]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered March 18, 2009, convicting him of conspiracy in the second degree and criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Generally, vacatur of a plea of guilty is not lightly granted since such a plea is intended to "mark[ ] the end of a criminal case" and should not be the path toward further litigation (*People v Taylor*, 65 NY2d 1, 5 [1985]). "When a defendant moves to withdraw a guilty plea, the 'fact-finding procedures' to be followed 'rest largely in the discretion of the Judge to whom the motion is made' " (*People v Baret*, 11 NY3d 31, 33 [2008], quoting *People v Tinsley*, 35 NY2d 926, 927 [1974]; *see* CPL 220.60 [3]; *People v Alexander*, 97 NY2d 482, 485 [2002]; *People v Moss*, 70 AD3d 862 [2010]). A plea of guilty will be upheld as valid if it was voluntarily, intelligently, and knowingly made (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d 662, 666 [1988]). Only rarely is a defendant entitled to a full evidentiary hearing on a motion to withdraw the plea (*see People v Tinsley*, 35 NY2d at 927). Instead, it is sufficient if the court affords the defendant an opportunity to present his arguments with respect to withdrawal (*see People v Tinsley*, 35 NY2d 926 [1974]; *People v Fiumefreddo*, 82 NY2d at 543). Unsubstantiated and conclusory assertions of innocence and coercion that are contradicted by the record are insufficient to warrant withdrawal or a hearing (*see People v Wiedmer*, 71 AD3d 1067 [2010]; *People v Potter*, 294 AD2d 603 [2002]; *People v D'Orio*, 210 AD2d 424 [1994]; *People v Grady*, 110 AD2d 780 [1985]).

Here, the defendant's contention on appeal that his plea was not knowingly, voluntarily, or intelligently made because his prior attorney failed to inform him or misinformed him of the deportation consequences of his plea of guilty is principally based on matter dehors the record and, thus, cannot be reviewed on direct appeal (*see People v Wiedmer*, 71 AD3d 1067 [2010]; *People v Alexander*, 62 AD3d 719, 720 [2009]; *People v Drago*, 50 AD3d 920 [2008]; *People v DeLuca*, 45 AD3d 777 [2007]). To the extent that the defendant's claim is reviewable on direct appeal, the record reveals that the defendant knowingly, voluntarily, and intelligently entered his negotiated plea of guilty (*see People v Fiumefreddo*, 82 NY2d at 543; *People v Lopez*, 71 NY2d at 666). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty.

The defendant's claim that he was deprived of the effective assistance of counsel because his counsel failed to inform or misinformed him of the deportation consequences of his plea of guilty, which allegedly rendered his plea involuntary, also is based principally on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Wiedmer*, 71 AD3d 1067 [2010]; *People v Alexander*, 62 AD3d at 720; *People v Drago*, 50 AD3d 920 [2008]; *People v DeLuca*, 45 AD3d 777 [2007]). Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.