■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REINALDO PEREZ, Appellant. [919 NYS2d 887]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Wetzel, J.), rendered April 30, 2010, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court did not improvidently exercise its discretion in denying, without a hearing, the defendant's pro se application to withdraw his plea of guilty. A motion to withdraw a plea of guilty is addressed to the sound discretion of the court, whose determination generally will not be disturbed absent an

improvident exercise of discretion (*see People v Harris*, 74 AD3d 838, 839 [2010]; *People v Wiedmer*, 71 AD3d 1067 [2010]; *People v Gedin*, 46 AD3d 701 [2007]). Only rarely is a defendant entitled to a full evidentiary hearing on a motion to withdraw the plea (*see People v Tinsley*, 35 NY2d 926, 927 [1974]; *People v Griffith*, 78 AD3d 1194, 1195 [2010]). "Instead, it is sufficient if the court affords the defendant an opportunity to present his [or her] arguments with respect to withdrawal" (*People v Griffith*, 78 AD3d at 1195; *see People v Fiumefreddo*, 82 NY2d 536, 543-544 [1993]; *People v Tinsley*, 35 NY2d at 927). Here, the record supports the Supreme Court's determination that the defendant's plea was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d at 543; *People v Harris*, 74 AD3d at 839). The defendant's unsubstantiated and conclusory assertions of innocence, coercion, and ineffective assistance of counsel were contradicted by the record and, therefore, were insufficient to warrant withdrawal or a hearing (*see People v Griffith*, 78 AD3d at 1195; *People v Wiedmer*, 71 AD3d at 1067; *People v Potter*, 294 AD2d 603, 604 [2002]; *People v D'Orio*, 210 AD2d 424, 425 [1994]; *People v Grady*, 110 AD2d 780, 780-781 [1985]).

"[T]he defendant's waiver of his right to appeal precludes review of his contention that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea" (*People v Gedin*, 46 AD3d at 701; *see People v Aguayo*, 73 AD3d 938, 939 [2010]; *People v Taubenkraut*, 48 AD3d 598 [2008]). To the extent the defendant contends that his counsel was ineffective such that the voluntariness of his plea was affected, the record reveals that the defendant received an advantageous plea, and nothing in the record casts doubt on the effectiveness of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Aguayo*, 73 AD3d at 939; *People v Mercer*, 69 AD3d 960 [2010]; *People v Gallo*, 54 AD3d 964, 965 [2008]). Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.