■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SENTELL SMITH, Appellant. [20 NYS3d 359]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 13, 2013, convicting defendant, after a jury trial, of conspiracy in the fourth and fifth degrees, criminal sale of a firearm in the first degree, criminal possession of a weapon in the third degree, 10 counts of criminal sale of a firearm in the third degree and seven counts of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 42 years, unanimously reversed, on the law, and the matter remanded for a new trial.

The court failed to meet its core responsibilities under *People v O'Rama* (78 NY2d 270, 277 [1991]) to provide defense counsel with "meaningful notice" of a jury note and to provide the jury with a "meaningful response." The note requested "copies of all the telephone conversations recorded and copies of all the video recordings" and "a copy of the transcript of the court proceedings that we are allowed to see."

As to its duty to provide notice to counsel, while the court stated that defense counsel was "aware" of the note, it made that statement at a time when counsel was out of the courtroom. Prior to the lunch recess, the court instructed the court officer to apprise the jury "that the written documents they request are not available to a jury under any circumstances," without consulting with defense counsel about this response, and without defense counsel being present.

While the court did read the full substance of the note after the lunch recess, the record fails to show that defense counsel had returned by that time. In fact, the transcript strongly suggests counsel was not there because the court had allowed defense counsel additional time for lunch. "Where a trial transcript does not show compliance with *O'Rama*'s procedure as required by law, we cannot assume that the omission was remedied at an off-the-record conference that the transcript does not refer to" (*People v Walston*, 23 NY3d 986, 990 [2014]).

The court also failed to give the jury a "meaningful response" to its request. First, when the jury returned to the courtroom, the court did not read the note into the record, and instead stated, "Unless anybody has forgotten what you've asked for, I will not read the notes now in order to save time." Then, while the court correctly informed the jury that it could not receive a transcript of court proceedings, and also provided it with a video playback of at least some of the matter requested in the note, there is no record that the jury was ever supplied with "copies of all of the telephone conversations recorded," and the court never addressed this aspect of the request anywhere in the record.

Although not all the *O'Rama* violations are mode of proceedings errors, here, where the exact wording of the juror note was never read in the presence of counsel so an objection could be made, preservation is not required (*People v Nealon*, 26 NY3d 152 [2015]). Since we are ordering a new trial, we find it unnecessary to reach any other issues except for defendant's challenge to his predicate status, which we reject. Concur— Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.