| People v Perez |
| :---: |
| 2023 NY Slip Op 34682(U) |
| August 16, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Indictment No. 70539-21 |
| Judge: James A. McCarty |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED ᵏ

AUG - 9 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

SUPREME COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

        -against-

REINALDO PEREZ,
             Defendant.

-------------------------------------------------------------------X

DECISION & ORDER
Indictment No.: 70539-21

Legacy # 617|21

MCCARTY, J

On February 8, 2023, Reinaldo Perez ("the defendant") was convicted, upon jury verdict, of assault in the second degree and criminal possession of a weapon in the third degree. In advance of sentencing, the People filed a persistent violent felony offender statement. The defense challenged the constitutionality of the defendant's previous conviction for burglary in the second degree. In deciding this issue, the Court has considered the evidence adduced at the hearing and the following papers:

*Notice of Motion, Affirmation of Daniel Harnick, Esq., Memorandum of Law and Annexed Exhibits A through B, Affirmation in Opposition of Jonathan Strongin, Esq., Memorandum of Law, and Exhibits A through G; Supplemental Affirmation in Opposition*

Relevant Procedural History

Under the instant indictment, the defendant was convicted, upon jury verdict rendered on February 8, 2023, of assault in the second degree and criminal possession of a weapon in the third degree. On April 20, 2023, the People filed a persistent violent felony conviction statement alleging that, as to this conviction, the defendant must be sentenced as a persistent violent felony offender owing to his having been previously convicted, on March 18, 2010, in the Westchester County Court, of burglary in the second degree and, on May 16, 2015 in Bronx County Supreme Court, of robbery in the first degree.

On May 25, 2023, the defendant indicated an intention to controvert his status as a persistent violent felon. As required by statute, on June 24, 2023 and August 10, 2023, this Court held a hearing with respect to the defendant's status (*see*, Criminal Procedure Law (CPL) §§ 400.20[4]). At this hearing, the People introduced a certified copy of a Unified Court System (UCS) Sentence and Commitment, dated April 30, 2010, identifying the defendant's conviction, by plea of guilty, to burglary in the second degree under Westchester County Court indictment number 959-09 as well as the imposed sentence. The People also introduced a certified Record of Arrests and Prosecutions (RAP sheet) and fingerprint images which jointly reflect the defendant's criminal justice history, specifically the above discussed convictions for burglary in the second degree and robbery in the first degree. At the hearing, in furtherance of controverting his conviction under Westchester County indictment number 959-09, the defense introduced a

1

[* 1]

certified copy of the sentencing minutes relating to that case. The Court permitted each of the parties to set forth further arguments and evidence by way of papers and exhibits.

The evidence adduced through the hearing and papers establishes that the defendant, while armed with a sawed-off shotgun, entered a residence located at 25 Riverview Place in Yonkers at approximately 7:38 am on June 30, 2009. He was accompanied by an accomplice who was also armed. The pair were identified as having held the residents at gun point while demanding property and having stolen a laptop computer, jewelry, and a cell phone (Defendant's Affirmation, Exhibit B; and see, Consent Order, Wetzel, J., dated October 23, 2009). The residents of the apartment included adults and seven (7) children under the age of sixteen (*Id.*). In connection with this event, the defendant was charged, under Westchester County indictment number 959-09, with two counts of burglary in the first degree, one count of burglary in the second degree, two counts each of robbery in the first degree and robbery in the second degree, and seven counts of endangering the welfare of a child. On March 18, 2010, on the precipice of hearings and trial, the defendant accepted a negotiated plea deal under which, in exchange for a plea of guilty to one count of burglary in the second degree, all the charges in the indictment would be satisfied and he would be sentenced to eight (8) years in prison followed by five (5) years post-release supervision.

In connection with the defendant's present challenge to the constitutionality of his conviction for burglary in the second degree under Westchester County Court indictment number 959-09, this Court reviewed the transcript of the plea proceeding. These minutes reveal that, while under oath, during an extensive plea colloquy the defendant indicated he wanted to plead guilty, acknowledged having had sufficient time to discuss his decision to enter a plea of guilty with counsel, and expressed satisfaction with the representation counsel had provided (Answering Affirmation, Exhibit B ("Plea Minutes"), p. 5, lines 16-23). The transcript of the plea proceeding also reveals that, prior to entering the plea at issue, the defendant was fully advised of the constitutional and other rights he would be waiving by pleading guilty and of the consequences he would face based upon such plea of guilty to burglary in the second degree (*see* generally, *Id.* and p. 13, lines 13-21). Despite his present, belated claim of innocence, during the plea, the defendant fully acknowledged having entered the apartment at 25 Riverview Place in Yonkers with the intent to commit a crime therein and merely maintained he had not injured anyone while there (*Id.*, 14, lines 10-16). Based on the defendant's responses, while under oath dyring the plea allocution, the Court (Wetzel, J.) accepted his admission of guilt to the crime of burglary in the second degree (*Id.*, pp. 14-15).

This Court also reviewed the Pre-sentence Investigation Report (PSR), which had been prepared in connection with the defendant's conviction for burglary in the second degree under Westchester County Court indictment number 959-09. This Court found it significant that the defendant's denial of culpability was indicated generally and was made without reference to any alibi or the existence of facts or supporting documentation to support his claim of innocence (Affirmation, Exhibit B, p. 3).

The minutes of the defendant's sentencing for the burglary conviction he now contests reveal that he made a *pro se* oral application to withdraw his previously entered plea of guilty

2

(*see generally,* Affirmation, Exhibit A ("Sentencing Minutes"), p. 3, lines 14-17). It is significant that on this occasion, that when asked why, the defendant responded: "I feel I wasn't represented right" (*Id.*, p. 3, lines 14-17). The defendant also claimed his attorney had "convinced [him] to plead guilty" by telling him he was "about to lose at trial" (*Id.*, p. 4, lines 2-3 and 7-13). Further, he alleged that counsel had provided ineffective assistance by failing to employ the services of an investigator; counsel swiftly contradicted this claim (*Id.*, p. 4, lines 20-25 and p. 5, lines 1-5). The Court (Wetzel, J.) summarily denied the defendant's application to withdraw his plea finding it "vague" and contrary to the plea proceeding during which the defendant "allocuted to having committed a crime . . . stated that [he was] satisfied with [his] attorney, that [he was] guilty, and that [he] wanted to plead guilty" and did not want a trial (*Id.*, p. 3, lines 18-24, p. 4, lines 4-6, and p. 5, lines 6-12). Defendant was sentenced in accordance with the negotiated plea deal (*Id.*, p. 6, lines 12-14).

Through a counseled appeal, the defendant challenged his conviction and sentence under Westchester County Court indictment number 959-09 (Affirmation in Opposition, Exhibits D and E). Specifically, the defendant claimed his plea had been coerced and was not freely and voluntarily given, that his attorney had provided him with ineffective assistance, and that the Court (Wetzel, J,) committed legal error by summarily denying his *pro se* oral application to withdraw his plea (*Id.*).

By Decision and Order, dated March 18, 2011, the Appellate Division, Second Department affirmed the defendant's judgment of conviction (Affirmation in Opposition, Exhibit F). In reaching this determination the Appellate Division found that "the record [of the plea proceeding] supported the Supreme Court's determination that the defendant's plea was entered knowingly, voluntarily, and intelligently and that "[t]he Supreme Court did not improvidently exercise its discretion in denying, without a hearing, the defendant's *pro se* application to withdraw his plea of guilty" (*People v. Perez*, 83 AD3d 738 [2d Dept. 2011], lv. denied, 17 NY3d 738 [2011]). Further, the Appellate Division held that, "[t]o the extent the defendant contends that his counsel was ineffective such that the voluntariness of his plea was affected, the record reveals that the defendant received an advantageous plea, . . . nothing in the record casts doubt on the effectiveness of counsel" (*Id.*)

Defendant now moves to controvert his status as a persistent violent felon on grounds that his conviction for burglary in the second degree, under Westchester County Court indictment number 959-09, was not constitutionally obtained. Largely, if not entirely, the defendant's present claims mimic those which the Appellate Division previously rejected (*see generally, Affirmation of Daniel Harnick, Esq., Memorandum of Law, and Annexed Exhibits A through* B). Specifically, the defendant reiterates previously debunked contentions that his attorney failed to employ an investigator, did not adequately advise him, and coerced him to plead guilty despite his protestations of innocence and demands for a trial (Defendant's Affirmation, ¶¶6-8; *cf. generally*, Plea Minutes; and Sentencing Minutes, pp. 3-4; *Perez*, 83 AD3d 738). The defendant also renews a record-based contention, previously addressed by the Appellate Division, that the Court (Wetzel, J.) improperly summarily denied his application to withdraw his plea of guilty (*Id.*, ¶¶ 9-12).

3

## Findings of Law

A "persistent violent felony offender" is a person who stands convicted of a violent felony offense, after having previously been subjected to two or more predicate violent felony convictions (Penal Law § 70.08[1](a); CPL §§400.16). The People bear the burden of proving, beyond a reasonable doubt, that a defendant who stands convicted of a violent felony offense, has previously been convicted of two or more predicate violent felony offenses (CPL §§400.15[7](a), 400.16[1] and [2]).

In the hearing held before this Court, the People introduced a certified copy of a UCS Sentence and Commitment, dated April 30, 2010, a certified RAP sheet, and fingerprint images to meet their burden of proving, beyond a reasonable doubt, the fact that the within defendant was previously convicted of burglary in the second degree, under Westchester County Court indictment number 959-05, and robbery in the first degree, under Bronx County Supreme Court indictment number 3016-04 (CPL §§400.15[7](a)); *People v. Abbott*, 113 Misc.2d 766 [NY Co. Sup.Ct. 1982], affirmed, 178 AD2d 281 [1st Dept. 1991], lv. denied, 79 NY2d 918 [1992]). Robbery in the first degree and burglary in the second degree are classified as violent felony offenses under the law (PL §§70.02[1](a) and (b)).

However, the law is well settled that a conviction obtained in violation of a defendant's rights must not be counted when determining whether the defendant is eligible to be sentenced as a persistent violent felony offender (CPL §§400.16). Consequently, the within defendant has the absolute right to "controvert an allegation with respect to such conviction in the statement on grounds that the conviction was unconstitutionally obtained" (CPL §§400.15[7](b) and 400.16[1] and [2]) To do so, it is "incumbent upon the defendant to allege and prove the facts underlying the claim that the conviction was unconstitutionally obtained" (*Id.*; *see, People v. Harris*, 61 NY2d 9, 15 [1983]).

The within defendant concedes the constitutionality of his conviction for robbery in the first degree in the Bronx Supreme Court but disputes the constitutionality of his conviction for burglary in the second degree, under Westchester County indictment number 959-09. In support of this claim, at the hearing, the defendant submitted a certified copy of the minutes of his sentencing in connection with that indictment. Additionally, through his paper submission, the defendant provided the Court with a copy of the applicable Pre-sentence Investigation Report. The defense has also provided an attorney's affirmation setting forth the defendant's claim of innocence and assertions that counsel who represented him in connection with the burglary conviction provided him with ineffective assistance and coerced him to enter a plea of guilty (see generally, Affirmation and Memorandum of Law). The defendant also alleges that the trial court erred by failing to permit him to withdraw his plea of guilty (*Id.*).

Upon consideration, this Court concludes that the claims brought forth through the within application largely constitute a restatement of the record-based claims the defendant raised on appeal to the Appellate Division, Second Department nearly thirteen years ago (*see generally, People v. Perez*, 83 AD3d 738). In ruling on these claims, the Appellate Division found that "the record supports the Supreme Court's determination that the defendant's plea was entered knowingly, voluntarily, and intelligently" (*Id.*). Further, the Appellate Division opined that "[t]he

4

[* 4]

defendant's unsubstantiated and conclusory assertions of innocence, coercion, and ineffective assistance of counsel [are] contradicted by the record and, therefore, [are] insufficient to warrant withdrawal or a hearing (*Id.* at 739 (internal citations omitted)). Additionally, the Appellate Division held that the Court (Wetzel, J.) did not "improvidently exercise [his] discretion in denying, without a hearing, the defendant's *pro se* application to withdraw his plea of guilty" (*Id.* at 738). Further, the Appellate Division ruled that, "[t]o the extent the defendant contends that his counsel was ineffective such that the voluntariness of his plea affected, the record reveals that the defendant received an advantageous plea, . . . nothing in the record casts doubt on the effectiveness of counsel" (*Id.* at 738-739).

Where, as here, a defendant has previously raised constitutional claims and has had a full and fair opportunity to do so, the doctrine of collateral estoppel applies to prevent the defendant from relitigating the issues (*see, People v. Abbott*, 178 AD2d 281; *People v. Smith*, 133 AD3d 548, 549 [1st Dept. 2015]; *People v. Abbott*, 113 Misc. 2d 766, 767 [NY Sup. 1982]). Accordingly, the defendant is collaterally estopped from relitigating those claims brought before this Court which are factually and legally identical to those rejected by the Appellate Division, Second Department (*Id.*). To the extent the defendant has raised claims before this Court that are arguably distinct from those previously addressed on appeal, the doctrine of collateral estoppel does not apply (*see, People v. Fisher*, 121 AD3d 1013, 1014 [2d Dept. 2014]. However, as to these claims, the within defendant has not met his burden of proof to demonstrate that his conviction for burglary in the second degree was unconstitutionally obtained (CPL §§400.15[7](b) and 400.16).

As to the defendant's present contention that counsel failed to conduct an appropriate investigation, the defendant has failed to explain how, if at all, such an investigation would have affected his defense (Affirmation, ¶¶6-8). The defendant has not provided a sworn affidavit or otherwise set forth any factual averments to establish a material fact tending to establish that he was not one of the two individuals that entered the residence at 25 Riverview Place in Yonkers at approximately 7:38 am on June 30, 2009 and held the occupants, which included children, at gunpoint in furtherance of stealing property (*cf., People v. Sposito*, 140 AD3d 1110 [2018]). These facts, coupled with the fact that trial counsel promptly challenged the defendant's claim that an investigation was not conducted, require the conclusion that counsel provided meaningful investigation (*Id.; see*, Sentencing Minutes, p. 4, lines 20-25 and p. 5, lines 1-5).

Additionally, the record of the plea proceeding soundly contradicts the defendant's self-serving claim that his plea of guilty to burglary in the second degree under Westchester County indictment number 959-09 was coerced (*cf.,* Affirmation, ¶¶6-8; Plea Minutes, pp. 2-15). Prior to pleading guilty, the defendant participated in an extensive plea colloquy during which, under oath, he indicated a desire to accept the negotiated plea deal, acknowledged he had sufficient time to discuss the plea with his attorney, and represented his satisfaction with his then counsel's representation (*Id.*, p. 5, lines 2-8 and 16-23). Significantly, during the plea allocution, the defendant specifically denied having been "threatened, coerced, or forced [ ] in any way to plead guilty (*Id.*, p. 7, lines 13-16). Consequently, even had the Court permitted motion practice to proceed, there would have been no basis to disturb his previously entered plea of guilty (*see, People v. Hansen*, 95 NY2d 227, 230 [2000]; *People v. Fiumefreddo*, 82 NY2d 536 [1993];

5

[* 5]

*People v Taylor*, 65 NY2d 1, 5 [1985]; *People v. Elmendorf*, 45 AD3d 858, 859 [2d Dept. 2007]; *People v. Ramos*, 65 NY2d 640, 642 [1984]).

It bears comment that, while this Court credits that the defendant may have felt pressure when faced with the decision whether to accept the negotiated plea deal or proceed to an imminent trial, the defendant has not met his burden to establish that his plea was coerced. The type of pressure the defendant describes having felt, when faced with counsel's assessment that he would lose at trial, "amounts to the type of 'situational coercion' faced by many defendants, which does not undermine the voluntariness of the validly entered guilty plea" (*People v Miner*, 120 AD3d 1449, 1450 [2014], quoting *People v Seaberg*, 74 NY2d 1, 8 [1989]). "The imposition of [] difficult choices [is] an inevitable—and permissible—attribute of any legitimate system which tolerates and encourages the negotiation of pleas'" (*People v. Hollman*, 197 A.D.3d 484, 486-487 [2d Dept. 2021].

Further, the defendant failed at the hearing and in the written submissions, to set forth a basis upon which this Court should conclude the defendant received ineffective assistance of counsel in connection with his conviction under Westchester County indictment number 959-09. Counsel achieved a decidedly beneficial result for the defendant. "It is well settled that, in the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Leszczynski*, 96 AD3d 1162 [2012], lv denied 19 NY3d 998 [2012](internal quotation marks and citations omitted]); *see*; *People v Seuffert*, 104 AD3d 1021, 1022 [2013], lv denied 21 NY3d 1009 [2013]). Of import, the herein defendant has not set forth a shred of proof to warrant the conclusion that, despite the strength of the People's evidence, he would have eschewed the favorable plea deal to proceed to trial and risk a substantially harsher sentence (*Perez, 83* AD3d 738, citing *People v Ford*, 86 NY2d 397, 404 [1995]; *People v Aguayo*, 73 AD3d at 939 [2d Dept. 2010]).

As required by law, this Court afforded the within defendant with the opportunity to contest the constitutionality of his previous violent felony convictions (CPL §§400.15[7](a), 400.16[1] and [2]). (*Id.*). Upon the evidence adduced at the hearing and through the written submissions, the defendant did not meet his burden to establish that the either of his convictions was unconstitutionally obtained (*Id.*). Accordingly, this Court finds the defendant is the person previously convicted of robbery in the first degree under Bronx Supreme Court indictment number 3016-04 and of burglary in the second degree under Westchester County Court indictment number 959-09 and further finds that each such conviction was constitutionally obtained. Consequently, this Court finds the defendant is a persistent violent felony offender and, as it is legally required to do, on the date of sentence shall sentence the defendant to an indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment and the minimum term of which shall be in accordance with Penal Law §70.08[2] (*see, People v.*

6

[* 6]

*Diggins*, 11 NY3d 518, 520 [2008]).

The foregoing constitutes the Decision, Judgment and Order of the court.

Dated: White Plains, New York
August 16, 2023

_____
Hon. JAMES A. McCARTY
Supreme Court Judge

**Hon. J. McCarty**

cc:    MIRIAM E. ROCAH
District Attorney, Westchester County
111 Dr. Martin Luther King Jr. Boulevard
White Plains, New York 10601
Attention:    ADA Jonathan Strongin

DANIEL HARNICK, ESQ.
Attorney for Defendant
345 Bronx River Road, Apartment 4D
Yonkers, New York 10704

CLERK OF THE COURT

[* 7]