■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUKHJINDER SANDHER, Appellant. [785 NYS2d 87]—Motion by the appellant, in effect, for leave to reargue a decision and order of this Court dated June 9, 2003 [306 AD2d 360], which determined an appeal from a judgment of the Supreme Court, Queens County, rendered March 4, 1999.

Upon the papers filed in support of the motion and the papers filed in opposition and relation thereto, it is,

Ordered that the motion is granted; and it is further,

Ordered that the decision and order dated June 9, 2003, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Grosso, J.), rendered March 4, 1999, convicting him of conspiracy in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea of guilty was not knowingly, intelligently, and voluntarily made, inter alia, because his factual allocution was insufficient, and because he was not advised that he may be deported as a consequence of his plea. The defendant did not move to withdraw his plea before sentencing

or to vacate the judgment of conviction, and thus his present contentions are unpreserved for appellate review (*see People v Toxey,* 86 NY2d 725 [1995]; *People v Lopez,* 71 NY2d 662 [1988]; *People v Pellegrino,* 60 NY2d 636 [1983]; *People v Flakes,* 238 AD2d 520 [1997]; *People v Mesquite,* 234 AD2d 395 [1996]). Further, the narrow exception to the preservation rule described in *People v Lopez (supra),* does not apply since there is nothing in the defendant's factual allocution which would negate an essential element of the crime pleaded to, cast significant doubt on his guilt, or otherwise call into question the voluntariness of his plea (*see People v Lopez, supra* at 666-667). In any event, the defendant knowingly, voluntarily, and intelligently pleaded guilty (*see People v Harris,* 61 NY2d 9 [1983]; *People v Flakes, supra*).

The defendant's further contention that he was denied the effective assistance of counsel because his attorney failed to advise him of the potential immigration consequences of his plea is likewise unpreserved for appellate review (*see People v Mesquite, supra*), and, in any event, is without merit (*see People v Ford,* 86 NY2d 397 [1995]).

The defendant's remaining contentions are without merit. Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.