■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIDYANAND RAMNARAINE, Appellant. [938 NYS2d 465]

The defendant failed to preserve for appellate review his claim that his admission to violating the conditions of his probation was not voluntary because the Supreme Court failed to advise him about the deportation consequences of his admission (*see* CPL 470.05 [2]; *People v Vasquez*, 85 AD3d 1068 [2011]; *People v Decker*, 83 AD3d 731, 732 [2011]). In any event, the Supreme Court's failure to advise the defendant of the possible deportation consequences of admitting to a probation violation did not render his admission involuntary (*see* CPL 220.50 [7]; *People v Ford*, 86 NY2d 397, 403 [1995]; *People v Romero*, 82 AD3d 1013 [2011]; cf. *Padilla v Kentucky*, 559 US —, 130 S Ct 1473 [2010]).

The defendant's contention that he was deprived of the effective assistance of counsel rests on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Rohlehr*, 87 AD3d 603 [2011]; *People v Griffith*, 78 AD3d 1194, 1196 [2010]; *People v Wiedmer*, 71 AD3d 1067 [2010]). Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.