THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS M. ROSARIO, Appellant. [941 NYS2d 122]—

Judgments, Supreme Court, Bronx County (Efrain L. Alvarado, J., at pleas; Barbara F. Newman, J., at sentencing), rendered July 17, 2009, convicting defendant of two counts of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of one year, unanimously affirmed.

Defendant did not preserve his challenges to the voluntariness of his guilty pleas (*see People v Lopez*, 71 NY2d 662 [1988]; *People v Doumbia*, 45 AD3d 436, 437 [2007], *lv denied* 10 NY3d 764 [2008]), and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.

Before accepting defendant's guilty pleas, the court warned him that his pleas would subject him to deportation proceedings and that he should "assume" he would be deported. We find nothing in the remainder of the plea colloquy that could have misled defendant into thinking that deportation would not be a consequence of his pleas (*see Zhang v United States*, 506 F3d 162, 169 [2d Cir 2007]). To the extent that defendant is suggesting that *Padilla v Kentucky* (559 US —, 130 S Ct 1473 [2010]) expands the duties of a trial court upon accepting a guilty plea from a noncitizen, we reject that argument (*see People v Diaz*, 92 AD3d 413 [2012]).

Defendant's argument that his trial counsel misadvised him as to the deportation consequences of a conviction is unavailing, because defendant has not made the necessary showing of prejudice (*see People v McDonald*, 1 NY3d 109, 115 [2003]). Finally, defendant's responses to the court's questions at the plea

proceeding demonstrate that he was able to speak and understand English and was not in need of an interpreter (*see People v Ramos*, 26 NY2d 272 [1970]).

In view of the foregoing, we find it unnecessary to reach any other issues. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.