■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v McKINLEY MILLER, Appellant. [947 NYS2d 331]

The defendant contends that the Supreme Court improperly accepted his plea of guilty in light of his claim of innocence. However, the record of the plea allocution reveals that the defendant admitted that he was guilty of attempted possession of a loaded firearm, and the Supreme Court made sufficient in-

quiry to assure that his plea of guilty was knowing, voluntary, and intelligent (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]; *People v Nixon*, 21 NY2d 338, 353 [1967], *cert denied* 393 US 1067 [1969]).

The defendant's claim that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). Here, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.