■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO O. CROOKS, Appellant. [949 NYS2d 651]—Appeal by the defendant from a judgment of the County Court, Nassau County (Donnino, J.), rendered March 19, 2010, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was deprived of the effective assistance of counsel because his counsel failed to inform him of the deportation consequences of his guilty plea, which allegedly rendered his plea involuntary, is based on facts that are outside of the record on appeal. Accordingly, "[t]he claim should be raised in a postconviction application under CPL article 440, where the basis of the claim may be fully developed" (*People v Haffiz*, 19 NY3d 883, 885 [2012]; *see People v Thomas*, 89 AD3d 964 [2011]; *People v Peque*, 88 AD3d 1024, 1025 [2011]; *People v Rohlehr*, 87 AD3d 603, 604 [2011]; *People v Griffith*, 78 AD3d 1194, 1196 [2010]). Rivera, J.P., Eng, Lott and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DILONE, Appellant. [949 NYS2d 652]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (Hinrichs, J.), imposed December 13, 2010, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

Contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, A.P.J., Florio, Balkin and Chambers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS GAST, Appellant. [949 NYS2d 654]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Dutchess County (Greller, J.), imposed May 2, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

Contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, A.P.J., Florio, Balkin and Chambers, JJ., concur.