Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered June 15, 2011, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Lopez, 6 NY3d 248, 256-257 [2006]; cf. People v Bradshaw, 18 NY3d 257, 264-267 [2011]). The defendant’s valid waiver of his right to appeal precludes *651 review of his contentions that his attorney’s failure to pursue youthful offender treatment rendered his assistance ineffective (see People v Rudolph, 85 AD3d 1492 [2011], lv granted 19 NY3d 977 [2012]) and that the County Court improvidently exercised its discretion in failing to grant him youthful offender treatment (see People v Franko, 98 AD3d 525 [2012]; People v Holland, 91 AD3d 672 [2012]; People v Joyce, 91 AD3d 986 [2012]; People v Simms, 89 AD3d 1043 [2011]).
Review of the defendant’s contention that he was deprived of the effective assistance of counsel because his attorney failed to advise him of the immigration consequences of his plea in accordance with Padilla v Kentucky (559 US —, 130 S Ct 1473 [2010]) is not barred by his appeal waiver because it affects the voluntariness of his plea (see People v Achouatte, 91 AD3d 1028, 1029 [2012], cert denied 568 US —, 133 S Ct 216 [2012]; see also People v Young, 97 AD3d 771 [2012]; People v Fenty, 96 AD3d 1075, 1076 [2012], lv denied 19 NY3d 1025 [2012]). However, since the record does not conclusively demonstrate that the defendant’s attorney failed to inform him of the immigration consequences of his plea, the defendant’s claim cannot be resolved without reference to matters outside the record. Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant’s ineffective assistance of counsel claim in its entirety (see People v Salmon, 97 AD3d 608, 609 [2012]; see also People v Haffiz, 19 NY3d 883, 885 [2012]; People v Crooks, 98 AD3d 630 [2012]; People v Miller, 97 AD3d 607, 608 [2012]; People v Peque, 88 AD3d 1024, 1025 [2011], lv granted 19 NY3d 976 [2012]; People v Griffith, 78 AD3d 1194, 1196 [2010]).
The defendant’s additional contention that his plea of guilty was involuntary because the County Court failed to advise him of the immigration consequences of his plea is unpreserved for appellate review (see People v Toxey, 86 NY2d 725, 726 [1995]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Rosario, 93 AD3d 605 [2012]; People v Ramnaraine, 92 AD3d 809 [2012]; People v Diaz, 92 AD3d 413 [2012], lv granted 19 NY3d 972 [2012]; People v Vasquez, 85 AD3d 1068 [2011]; People v Sandher, 12 AD3d 464, 465 [2004]). In any event, the County Court’s failure to advise the defendant of the immigration consequences of his plea did not render his plea involuntary (see CPL 220.50 [7]; People v Ramnaraine, 92 AD3d 809 [2012]; People v Vasquez, 85 AD3d 1068 [2011]; see also People v Carty, 96 AD3d 1093, 1097 [2012]; People v Rosario, 93 AD3d at 605; People v Diaz, 92 AD3d at 413-414). Eng, P.J., Skelos, Lott and Cohen, JJ„, concur.