■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BENTIL, Appellant. [966 NYS2d 880]—Appeal by the defendant from a judgment of the County Court, Westchester County (Colangelo, J.), rendered February 17, 2011, convicting him of forgery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was involuntary because he was subject to immediate deportation is unpreserved for appellate review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Drammeh*, 100 AD3d 650, 651 [2012]; *People v Ramnaraine*, 92 AD3d 809 [2012]; *People v Vasquez*, 85 AD3d 1068 [2011]). In any event, the County Court advised the defendant of the deportation consequences of his plea, and nothing in the record demonstrates that the defendant did not know and understand the consequences of his plea or that his plea was involuntary (*see* CPL 220.50 [7]; *People v Harris*, 61 NY2d 9, 17 [1983]; *People v Nixon*, 21 NY2d 338, 353 [1967], *cert denied sub nom. Robinson v New York*, 393 US 1067 [1969]; *People v Drammeh*, 100 AD3d at 651).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim[ ]' of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1009; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.