Appeal by the defendant from a judgment of the County Court, Putnam County (Rooney, J.), rendered September 19, 2012, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that his plea of guilty was not knowingly, voluntarily, and intelligently made is unpreserved for appellate review, since he did not move to withdraw his plea prior to the imposition of sentence (see CPL 220.60 [3]; 470.05 [2]; People v Clarke, 93 NY2d 904, 906 [1999]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Cohen, 100 AD3d 919 [2012]). In any event, the record reveals that the defendant’s plea was entered knowingly, voluntarily, and intelligently (see People v Harris, 61 NY2d 9 [1983]).
By pleading guilty, the defendant forfeited appellate review of *711 his claims of ineffective assistance of counsel that did not directly involve the plea bargaining process and sentence (see People v Petgen, 55 NY2d 529, 535 n 3 [1982]; People v Moshier, 110 AD3d 832, 833 [2013]; People v Patterson, 106 AD3d 757 [2013]). Furthermore, the defendant’s valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Young, 97 AD3d 771 [2012]; People v Wright, 95 AD3d 1046, 1047 [2012]; People v Gedin, 46 AD3d 701 [2007]). The defendant’s claim of ineffective assistance of counsel with respect to the plea bargaining process is based, in part, upon matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim[ ]’ of ineffective assistance” (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Taylor, 98 AD3d 593, 594 [2012]; People v Freeman, 93 AD3d 805 [2012]; People v Maxwell, 89 AD3d at 1109).
The defendant’s valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Ramos, 7 NY3d 737 [2006]; People v Lopez, 6 NY3d 248, 257 [2006]; People v Muniz, 91 NY2d 570, 575 [1998]). Rivera, J.P, Dickerson, Cohen and Hinds-Radix, JJ., concur.