*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 12, 2015                107126
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

ROBERTO CASTRO,
                    Appellant.
_____


Calendar Date:   September 16, 2015

Before:   Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

_____


        Frederick P. Korkosz, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____


Lahtinen, J.P.

        Appeal, by permission, from an order of the County Court of
Albany County (Herrick, J.), entered February 2, 2015, which
denied defendant's motion pursuant to CPL 440.10 to vacate a
judgment convicting him of the crime of grand larceny in the
third degree, without a hearing.

        Defendant, a noncitizen of the United States with permanent
residence status, was charged with grand larceny in the second
degree for his alleged role in a scheme in which a significant
amount of money was pilfered from the supplemental nutrition
assistance program between 2008 and 2011.  He pleaded guilty in
2012 to the reduced charge of grand larceny in the third degree
and received a negotiated sentence of 1 to 3 years in prison.  In
2014, he made a CPL article 440 motion to vacate the judgment of

conviction contending that his plea was involuntary and that he had not received the effective assistance of counsel because he had not been adequately warned of potential deportation consequences and his counsel had not informed him of a possible suppression motion regarding evidence seized by law enforcement. County Court denied the motion without a hearing, and defendant, by permission, appeals.

We affirm. At the time of defendant's plea, the law had been "established that the failure of counsel to advise a defendant of the possibility of deportation as a result of his or her plea constitutes the ineffective assistance of counsel" (People v Diallo, 88 AD3d 1152, 1153 [2011], lv denied 18 NY3d 993 [2012]; see Padilla v Kentucky, 559 US 356 [2010]). During the plea proceeding, he was advised, among other things, that his conviction "may result in your deportation" and, when he inquired about a specific percentage of that happening, he was told a percentage could not be given but that it was "a very real possibility." Defendant acknowledged that the topic of deportation had been discussed several times with his attorney and, later in the proceeding, County Court again warned that the plea he was about to give could be used in future proceedings, "[i]ncluding proceedings relative to your [i]mmigration status." Defendant did not deny in his motion that such warnings were given, but contends that he should have been told that deportation was "a certainty." There are no particular words or phrases that must be used to adequately apprise a defendant of potential deportation as a result of pleading guilty. Here, his attorney, as well as County Court, clearly communicated on the record at the plea proceeding the potential deportation consequences resulting from defendant's plea. This was sufficient warning and, accordingly, County Court did not err in denying the motion without a hearing (see People v Achouatte, 91 AD3d 1028, 1029 [2012], lv denied 18 NY3d 954 [2012], cert denied ___ US ___, 133 S Ct 216 [2012]).

Defendant further asserts that his attorney failed to advise him of a possible suppression motion. The record of the plea colloquy, however, reflects that defendant acknowledged that he had discussed with his attorney possible legal or constitutional defenses, he had no further questions, he was

satisfied with his attorney's legal representation and he understood that as part of the plea he was giving up various rights, including to file motions or have pretrial hearings. Given such on-the-record statements, this aspect of defendant's motion was also properly denied without a hearing (see People v Reynoso, 88 AD3d 1162, 1163 [2011]).  The remaining argument has been considered and is without merit.

Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court