People v Joseph (2016 NY Slip Op 05817)





People v Joseph


2016 NY Slip Op 05817


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-00529
 (Ind. No. 14-00928)

[*1]The People of the State of New York, respondent, 
v
Peter Joseph, appellant.


Thomas T. Keating, Dobbs Ferry, NY, for appellant.
James A. McCarty, Acting District Attorney, White Plains, NY (Hae Jin Liu and Laurie G. Sapakoff of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Everett, J.), rendered December 16, 2014, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's waiver of his right to appeal was valid (see People v Sanders, 25 NY3d 337; People v Lopez, 6 NY3d 248, 254). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Tarrant, 114 AD3d 710, 711). Defense counsel's alleged failure to properly advise the defendant of the immigration consequences of his plea would affect the voluntariness of the plea and thus is reviewable by this Court (see People v Montane, 110 AD3d 1101, 1102; People v Drammeh, 100 AD3d 650).
In Padilla v Kentucky (559 US 356), the United States Supreme Court held that the Sixth Amendment (US Const Sixth Amend) requires counsel for defendants in criminal actions to advise their noncitizen clients about the risk of deportation arising from a plea of guilty. Further, "inaccurate advice about a guilty plea's immigration consequences" may constitute ineffective assistance of counsel (People v Baret, 23 NY3d 777, 785; see People v McDonald, 1 NY3d 109, 111; People v Pinto, 133 AD3d 787).
In this case, the record as a whole indicates that defense counsel advised the defendant of the risk of deportation arising from a plea of guilty, and the defendant was properly advised of that risk (see People v Castro, 133 AD3d 986).
The defendant's contention that he was not adequately advised of his Boykin rights (see Boykin v Alabama, 395 US 238) is unpreserved for appellate review, since the defendant did not move for leave to withdraw his plea of guilty, although he had ample time to do so (see People v Conceicao, 26 NY3d 375; People v Sirico, 135 AD3d 19, 22). In any event, that contention is without merit.
The defendant's valid waiver of his right to appeal precludes review of his excessive sentence claim (see People v Lopez, 6 NY3d at 256).
The defendant's remaining contentions are without merit.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court