■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON A. HAZEL, Appellant. [42 NYS3d 358]—Appeal by the defendant from an amended judgment of the County Court, Westchester County (Minihan, J.), rendered March 27, 2015, revoking a sentence of probation previously imposed by the same court (Zuckerman, J.), upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the second degree.

Ordered that the amended judgment is affirmed.

On July 7, 2014, the defendant pleaded guilty to the crime of attempted burglary in the second degree. At the plea hearing, prior to pleading guilty, the defendant informed the County Court that he was a United States citizen; he now claims that he is not a citizen. Nonetheless, at a later point in the plea proceeding, the prosecutor warned the defendant that if he was in fact a noncitizen, his plea to this felony would expose him to the possibility of deportation. The defendant also waived his right to appeal. There is no indication that the defendant moved to withdraw his plea of guilty prior to October 16, 2014, when the County Court imposed the agreed-upon sentence of probation.

In December 2014, the Westchester County Department of Probation filed a petition alleging a violation of a condition of probation, asserting, inter alia, that the defendant failed to report for probation supervision. On February 27, 2015, as part of a negotiated agreement, the defendant admitted that he violated a condition of probation by failing to report to his probation officer, and waived his right to appeal. There is no indication that the defendant moved to withdraw his admission prior to March 27, 2015, when the County Court sentenced him to the agreed-upon, one-year term of imprisonment.

The defendant appeals from the amended judgment of conviction rendered March 27, 2015, made upon his admission to a violation of a condition of probation, and the enhanced sentence imposed thereon. As such, the defendant's contentions regarding the original judgment of conviction rendered October 16, 2014, based on the initial plea and sentence, are beyond the scope of our review on this appeal (*see People v Whitlock,* 114 AD3d 970 [2014]; *People v Sansone,* 65 AD3d 636 [2009]).

As a threshold matter, the defendant's claim with respect to the voluntariness of his admission to a violation of a condition of probation survives even a valid waiver of the right to appeal (*see People v Joseph,* 103 AD3d 665 [2013]). His assertion pursuant to *Padilla v Kentucky* (559 US 356 [2010]), that his attorney failed to advise him of the immigration consequences of his plea to a violation of probation, affects the voluntariness of his plea, and thus, survives a waiver of the right to appeal (*see People v Lopez,* 6 NY3d 248, 255 [2006]; *People v Joseph,* 142 AD3d 627 [2016]; *People v Drammeh,* 100 AD3d 650 [2012]).

Notwithstanding, the defendant failed to preserve for appellate review his claim that the admission to a violation of a condition of probation was not knowingly, intelligently, and voluntarily made on the ground that his attorney did not advise him of the immigration consequences of his admission (*see People v Toxey,* 86 NY2d 725 [1995]; *People v Sandher,* 12 AD3d 464 [2004]). The defendant's additional contention, that his admission to a violation of a condition of probation was involuntary because the County Court failed to advise him of the immigration consequences of his admission, is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Peque,* 22 NY3d 168, 182 [2013]; *People v Drammeh,* 100 AD3d at 651; *People v Soria,* 99 AD3d 1027 [2012]; *People v Ramnaraine,* 92 AD3d 809 [2012]). Neither claim falls within the narrow exception to the preservation requirement (*see People v Peque,* 22 NY3d at 182-183), and we decline to reach them in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6]).

The defendant's remaining contentions are without merit. Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.