■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR FELIZ-LOPEZ, Appellant. [46 NYS3d 660]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered June 23, 2010, convicting him of robbery in the first degree (three counts) and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In *Padilla v Kentucky* (559 US 356 [2010]), the United States Supreme Court ruled that the Sixth Amendment to the United States Constitution requires criminal defense counsel to advise their noncitizen clients about the risk of deportation arising from a plea of guilty. Here, the defendant contends that his counsel failed to advise him that he will be deported as a result of his guilty plea. However, the record indicates that defense counsel properly advised the defendant of the risk of deportation arising from a plea of guilty, and that the defendant was aware of that risk before he entered his plea (*see People v Joseph*, 142 AD3d 627 [2016]; *People v Castro*, 133 AD3d 986 [2015]; *People v Rampersaud*, 121 AD3d 721, 722-723 [2014]).

The defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, or intelligent since he did not move to withdraw his plea on this ground prior to the imposition of sentence (*see* CPL 220.60 [3]; *People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Lujan*, 114 AD3d 963, 964 [2014]). In any event, the record demonstrates that the defendant's plea was knowingly, voluntarily, and intelligently entered.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.