People v Tacuri (2019 NY Slip Op 05165)





People v Tacuri


2019 NY Slip Op 05165


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-02096
 (Ind. No. 929/16)

[*1]The People of the State of New York, respondent,
v
Manuel L. Tacuri, appellant.


Wilens & Baker, P.C., New York, NY (Daniel S. Kratka of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen Braslow, J.), rendered January 19, 2018, convicting him of aggravated driving while intoxicated with a child (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, aggravated driving while intoxicated, driving while intoxicated as a misdemeanor (two counts), aggravated unlicensed operation of a motor vehicle in the third degree, endangering the welfare of a child, driving on the shoulder, failure to keep right, and failure to maintain lane, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's valid waiver of his right to appeal (see People v Sanders, 25 NY3d 337, 341-342; People v Lopez, 6 NY3d 248, 255) precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Tarrant, 114 AD3d 710, 711). Defense counsel's alleged failure to properly advise the defendant of the immigration consequences of his plea would affect the voluntariness of the plea and, thus, is reviewable by this Court (see People v Montane, 110 AD3d 1101, 1102; People v Drammeh, 100 AD3d 650, 651).
In Padilla v Kentucky (559 US 356), the United States Supreme Court held that the Sixth Amendment (US Const Sixth Amend) requires counsel for defendants in criminal actions to advise their noncitizen clients about the risk of deportation arising from a plea of guilty. Here, the record indicates that defense counsel advised the defendant of the immigration consequences of his plea, and that the defendant was aware of that risk before he entered his plea (see People v Feliz-Lopez, 147 AD3d 871; People v Joseph, 142 AD3d 627, 628).
The defendant's remaining contention, that certain of the counts to which he pleaded guilty must be dismissed because they were lesser inclusory concurrent counts of others to which he pleaded guilty, is foreclosed from appellate review by his valid waiver of his right to appeal (see People v Reid, 74 AD3d 1367, 1367-1368).
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court