People v Moronta (2019 NY Slip Op 09026)





People v Moronta


2019 NY Slip Op 09026


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-03343
 (Ind. No. 15-01303)

[*1]The People of the State of New York, respondent,
v
Berinzon Moronta, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the County Court, Westchester County (Barry E. Warhit, J.), imposed February 28, 2018, upon his conviction of manslaughter in the first degree, upon his plea of guilty.
ORDERED that the resentence is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-341; People v Lopez, 6 NY3d 248, 256; People v Batista, 167 AD3d 69, 74). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentencing court improvidently exercised its discretion in declining to grant him youthful offender treatment (see People v Pacherille, 25 NY3d 1021, 1024; People v Basurto-Lopez, 166 AD3d 643, 643).
The defendant's valid waiver of his right to appeal also precludes appellate review of his contention that his counsel was ineffective at resentencing, as his contention does not relate to the voluntariness of his plea (see People v Joseph, 142 AD3d 627, 627; People v Tarrant, 114 AD3d 710, 711). Additionally, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that his resentence was excessive (see People v Ayala, 172 AD3d 1085, 1087; People v McLeggan, 156 AD3d 903, 903).
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court