People v Ramos-Hernandez (2020 NY Slip Op 05780)





People v Ramos-Hernandez


2020 NY Slip Op 05780


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-03017
 (Ind. No. 2793/08)

[*1]The People of the State of New York, respondent,
v
Jonathan Ramos-Hernandez, appellant.


Meir Moza, Mineola, NY (Keith Christopher Fudge of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Thomas C. Costello and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Stephen L. Braslow, J.), dated January 25, 2019, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the Supreme Court, Suffolk County (Robert W. Doyle, J.), rendered May 27, 2009, convicting him of assault in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the order is affirmed.
The underlying facts are recited in this Court's decision and order on a related appeal, decided herewith (see People v Ramos-Hernandez, _____ AD3d _____ [Appellate Division Docket No. 2012-07399]). In 2018, the defendant filed a second motion pursuant to, inter alia, CPL 440.10 to vacate his judgment of conviction. This motion contained an affidavit from Victor Velasquez, an attorney with the Legal Aid Society of Suffolk County, who appeared for the defendant on the day of his guilty plea. Velasquez averred that he had no recollection of providing the defendant with advice concerning the immigration consequences of his plea. By order dated January 25, 2019, the County Court, Suffolk County (Stephen L. Braslow, J.), denied the defendant's motion without a hearing. The defendant appeals.
The defendant's contention that the County Court erred in denying his motion on the basis that the attorney who appeared with him on the day of his plea failed to provide him with advice concerning the immigration consequences of his plea is without merit. The defendant was represented by the Legal Aid Society of Suffolk County during his criminal case. The County Court, Suffolk County (John J. Toomey, J.), held a hearing on the defendant's first motion pursuant to CPL 440.10, and the evidence demonstrated that a different attorney appeared numerous times for the defendant, that the attorney negotiated a plea with the court over the People's objection, and that the attorney provided the defendant with constitutionally sufficient advice concerning the immigration consequences of his plea before the defendant pleaded guilty. Since the evidence demonstrated that the defendant was made aware of the possible consequences of his plea before he entered it, he is not entitled to vacatur of his judgment of conviction on this ground (see People v Tacuri, 173 AD3d 1226, 1226; People v Feliz-Lopez, 147 AD3d 871, 871). Accordingly, we agree with the County Court's determination denying the defendant's motion without a hearing.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court