People v Ramos-Hernandez (2020 NY Slip Op 05779)





People v Ramos-Hernandez


2020 NY Slip Op 05779


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2012-07399
 (Ind. No. 2793/08)

[*1]The People of the State of New York, respondent,
v
Jonathan Ramos-Hernandez, appellant.


Meir Moza, Mineola, NY (Keith Christopher Fudge of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Thomas C. Costello and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (John J. Toomey, J.), dated April 10, 2012, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the Supreme Court, Suffolk County (Robert W. Doyle, J.), rendered May 27, 2009, convicting him of assault in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the order is affirmed.
In 2009, the defendant, a native of Honduras, pleaded guilty to two counts of assault in the second degree. In 2011, the defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that his attorney failed to advise him of the immigration consequences of his plea in accordance with Padilla v Kentucky (559 US 356). By order dated July 25, 2011, the Supreme Court, Suffolk County (Robert W. Doyle, J.), granted the defendant's motion to the extent of ordering a hearing on the motion. By order dated April 10, 2012, made after a hearing, the County Court, Suffolk County (John J. Toomey, J.), denied the motion. The defendant appeals.
Before pleading guilty, a criminal defendant has the right to the effective assistance of counsel (see US Const Amend VI; NY Const, art I, § 6; Padilla v Kentucky, 559 US 356, 374; People v Baldi, 54 NY2d 137, 146). In order to prevail on a claim of ineffective assistance of counsel under the United States Constitution, a "defendant must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense" (Strickland v Washington, 466 US 668, 687, 688; see People v McDonald, 1 NY3d 109, 113). Under the New York Constitution, a defendant must show that he was not afforded "meaningful representation" (People v Benevento, 91 NY2d 708, 712; see People v Baldi, 54 NY2d 137). The right to effective assistance of counsel includes the requirement that an attorney inform the defendant of possible immigration consequences of his or her plea (see Padilla v Kentucky, 559 US at 374; People v Picca, 97 AD3d 170).
Here, the record supports the County Court's determination that the defendant's attorney provided the defendant with sufficient advice concerning the immigration consequences of his plea of guilty (see People v Tacuri, 173 AD3d 1226, 1226; People v Feliz-Lopez, 147 AD3d 871, 871). Accordingly, the defendant failed to meet his burden of showing that his attorney provided [*2]him with constitutionally deficient advice or that he was deprived of meaningful representation.
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]), and we decline to reach them in the exercise of our interest of justice jurisdiction.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court