People v Hughes (2022 NY Slip Op 00192)





People v Hughes


2022 NY Slip Op 00192


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2016-11823
 (Index No. SP133/16)

[*1]The People of the State of New York, respondent,
v
Ebony Hughes, appellant.


Patricia Pazner, New York, NY (Dina Zloczower of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Deborah A. Brenner and D. Alan Rosinus, Jr., of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Douglas Wong, J.), rendered October 18, 2016, revoking a sentence of probation previously imposed by the County Court, Nassau County (Fran Ricigliano, J.), upon a finding that she violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon her previous convictions of criminal possession of a forged instrument in the second degree (four counts) and grand larceny in the third degree.
ORDERED that the amended judgment is affirmed.
The remedy that the defendant seeks on this appeal—reversal of her convictions and dismissal of the underlying superior court information—is not available to her. On an appeal from an amended judgment, the defendant is foreclosed from challenging the propriety of the original judgment (see People v Diaz, 164 AD3d 829, 829; People v Hazel, 145 AD3d 797, 798). Moreover, the defendant has fully served her amended sentence and does not seek a new violation of probation hearing (see People v Amorosi, 96 NY2d 180, 184). Therefore, her challenge to the Supreme Court's determination, in effect, that she willfully refused to pay restitution is academic.
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court