People v Katoom (2022 NY Slip Op 03143)





People v Katoom


2022 NY Slip Op 03143


Decided on May 12, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 12, 2022

109808B
[*1]The People of the State of New York, Respondent,
v
Jainanine Katoom, Appellant.

Calendar Date:March 22, 2022

Before:Lynch, J.P., Clark, Reynolds Fitzgerald, Colangelo and McShan, JJ.

Veronica Reed, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered July 6, 2017, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
In November 2016, defendant was charged by indictment with burglary in the second degree, criminal contempt in the second degree and three counts of criminal mischief in the fourth degree, stemming from allegations that, two months prior, he unlawfully entered a residence in violation of an order of protection and, while inside, damaged several walls and a bathroom door. Defendant pleaded guilty to attempted burglary in the second degree, and, as part of the plea agreement, was required to waive his right to appeal. He was sentenced to the agreed-upon prison term of three years, to be followed by 1½ years of postrelease supervision. Defendant appeals.
Defendant contends that his waiver of appeal was not knowing, intelligent and voluntary. The record reflects that County Court used overbroad language when explaining that, by waiving the right to appeal, defendant agreed "not [to] take [his] case to a higher court once [they] finish it . . . and appeal it." This statement was insufficient to ensure that defendant appreciated the nature and consequences of the rights that he was relinquishing (see People v Thomas, 34 NY3d 545, 563 [2019]), nor was it "clear to defendant that the appeal waiver was not a total bar to defendant taking an appeal" (People v Aponte, 190 AD3d 1031, 1032 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]; see People v Williams, 190 AD3d 1192, 1193 [2021]). The written waiver, which was executed by defendant, stated that defendant was waiving his "right to appeal from any other matters for which [he] may have an appeal as of right or otherwise in any [s]tate or [f]ederal [c]ourt, or that [he] may collaterally attack pursuant to [CPL articles 330 or 440], or through [w]rits of [c]orum [n]obis or [h]abeas [c]orpus, or any other manner, in any [s]tate or [f]ederal [c]ourt." In light of this overbroad language, and the lack of any indication that defendant understood that he retained the right to some appellate review, we find that defendant did not knowingly, intelligently and voluntarily waive the right to appeal (see People v Thomas, 34 NY3d at 560; People v Aponte, 190 AD3d at 1032; People v Anderson, 184 AD3d 1020, 1020-1021 [2020], lvs denied 35 NY3d 1064, 1068 [2020]).
Defendant's challenges to the voluntariness of his plea and his claim of ineffective assistance of counsel were not preserved for our review by an appropriate postallocution motion, and the narrow exception to the preservation rule was not triggered here (see People v Anderson, 184 AD3d at 1021; People v Sabin, 179 AD3d 1401, 1402-1403 [2020], lv denied 35 NY3d 995 [2020]). We further reject defendant's challenge to the effectiveness of his representation based upon his claim that defense counsel did not advise him of the immigration consequences [*2]of his guilty plea. The record reflects that prior to defendant's plea, defense counsel unequivocally stated to County Court, "I've explained to my client . . . that[,] as he is not a citizen, . . . this decision will have deportation consequences, just as the same as if he was convicted after trial would have deportation consequences." The court then stated, "Since you are not legally a United States citizen, it is . . . a very real possibility that you will, in fact, be subject to a final deportation order as a result of this plea of guilty. Do you understand that?" Defendant replied, "Yes, sir." Again, at the time of sentencing, defense counsel reaffirmed that he stated on the record and informed defendant the prior evening that his plea and sentence would result in his deportation, but that "the Department of Immigration" makes that ultimate decision. "There are no particular words or phrases that must be used to adequately apprise a defendant of potential deportation as a result of pleading guilty" (People v Castro, 133 AD3d 986, 987 [2015]). Where, as here, the potential deportation consequences of pleading guilty are clearly communicated on the record at the plea proceeding, the warning is sufficient (see id.). In view of the foregoing, defense counsel's warnings fulfilled his duty to inform defendant of the deportation consequences of pleading guilty (see People v Marte-Feliz, 192 AD3d 1397, 1399 [2021]).
Defendant's contention that counsel was ineffective in failing to secure a plea that would not subject him to mandatory deportation lacks merit. Where, as here, a defendant is charged with a class C violent felony offense, "a plea of guilty must include at least a plea to a class D violent felony offense" (CPL 220.10 [5] [d] [ii]), which carries a prison term of between two and seven years (see Penal Law §§ 70.02 [1] [b]; [3] [c]). As such, defense counsel could not secure a plea that carried a sentence that would not subject defendant to deportation.
Lynch, J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.