People v Bruno (2022 NY Slip Op 06195)

People v Bruno

2022 NY Slip Op 06195

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

112751
[*1]The People of the State of New York, Respondent,
v
Robert T. Bruno, Appellant.

Calendar Date:October 7, 2022

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Marlene O. Tuczinski, Chatham, for appellant.
Joseph Stanzione, District Attorney, Catskill (Denise J. Kerrigan of counsel), for respondent.

Appeal from a judgment of the County Court of Greene County (Terry J. Wilhelm, J.), rendered September 11, 2020, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
Defendant was charged in an indictment with rape in the first degree and course of sexual conduct against a child in the first degree. The charges stemmed from allegations that defendant had sexual intercourse with the victim periodically over several years, beginning when the child was 12 years old. After defendant pleaded guilty to rape in the first degree and purportedly waived the right to appeal, County Court sentenced defendant to five years in prison, to be followed by 20 years of postrelease supervision (hereinafter PRS). Defendant appeals.
We affirm. Initially, we agree with defendant that his waiver of the right to appeal is invalid. The oral colloquy included language that suggested that the appeal waiver is an absolute bar to all appellate review (see People v Marone, 206 AD3d 1039, 1041 [3d Dept 2022]) and, although defendant also signed a written waiver, it did not contain any language alleviating County Court's misleading colloquy (see People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Marone, 206 AD3d at 1041). Accordingly, we conclude that defendant did not knowingly, intelligently and voluntarily waive the right to appeal (see People v Jackson, 206 AD3d 1244, 1245 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]; People v Katoom, 205 AD3d 1132, 1133 [3d Dept 2022]).
Defendant also contends that County Court's imposition of a 20-year period of PRS is harsh and excessive. The record reflects that defendant pleaded guilty with the understanding that, although no particular amount of PRS was made part of the plea agreement, the People would recommend that a 20-year PRS period be imposed. Considering the nature of the crime and the fact that defendant was sentenced to the minimum term of imprisonment allowed (see Penal Law § 70.80 [4] [a] [i]), we do not find the imposition of the maximum period of PRS (see Penal Law § 70.45 [2-a] [c]) to be "unduly harsh or severe" (CPL 470.15 [6] [b]; see People v Williams, 126 AD3d 1181, 1182 [3d Dept 2015], lv denied 25 NY3d 1209 [2015]; People v Witbeck, 299 AD2d 726, 726-727 [3d Dept 2002], lv denied 99 NY2d 621 [2003]).
Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.